1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

PLAYGROUND AI LLC,

             Plaintiff,

     v.

MIGHTY COMPUTING, INC. and
SUHAIL DOSHI,

             Defendants.

_____

AND RELATED COUNTERCLAIMS.

Case No.  23-cv-05181-BLF

**ORDER VACATING MOTION
HEARING; AND DENYING
DEFENDANT DOSHI'S MOTION TO
DISMISS FIRST AMENDED
COMPLAINT**

[Re:  ECF 20]

       This suit arises from a trademark dispute between two competitors in the artificial intelligence market, Playground AI LLC ("Playground AI") and Mighty Computing, Inc. ("Mighty").  Both companies assert rights in the mark "Playground AI" and variations of that mark.  Playground AI filed this suit against Mighty and its founder, Suhail Doshi ("Doshi"), asserting claims under two federal statutes, the Lanham Act and the Anti-Cybersquatting Consumer Protection Act.  Mighty answered and filed counterclaims against Playground AI and its founder, Rick Latona ("Latona"), asserting a Lanham Act claim and related state law claims.

       All parties have answered except Doshi, who moves to dismiss Playground AI's operative first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).  Doshi argues that he cannot be held liable for Mighty's alleged trademark infringement and cybersquatting based solely on his role as a corporate officer, and contends that the FAC does not sufficiently allege his personal involvement in Mighty's alleged wrongdoing to state a claim against him.  The Court finds the motion suitable for decision without oral argument, and therefore the motion hearing set for April 25, 2024 is VACATED.  *See* Civ. L.R. 7-1(b).

Doshi's motion to dismiss the FAC is DENIED for the reasons discussed below.

## I.     BACKGROUND[1]

Playground AI is a company specializing in artificial intelligence software, and "[i]ts website is a 'one-stop' location for a variety of generative AI tools and models."  FAC ¶ 1, ECF 15.  Both "AI" and "playground" are generic terms commonly used in the AI field:  "AI refers to 'artificial intelligence,' while playground refers to an application or platform where users can safely experiment, test, learn, or play with various tools and algorithms."  *Id*. ¶ 3.  "However, Playground AI's inverted word order, in which playground is a noun-adjunct modifying AI, creates a distinctive composite" that has been in continual use by Playground AI and its predecessors in interest since December 2019.  *Id*. ¶¶ 4-5.  The "Playground AI" mark and variations of the mark have been used in connection with Playground AI's goods and services relating to artificial intelligence, including "(i) 'Anonymous Camera,' a popular and well-publicized application for investigative journalists and political activists, which uses AI to identify people in images and videos; blur, pixelate, or block identifying features in real time; and strip metadata from the resulting file; and (ii) 'Worklens,' a mobile application that uses AI to analyze, label, group, and search photos based on content."  *Id*. ¶¶ 5-6.

Mighty is a technology company founded by Doshi in 2019.  *See* FAC ¶¶ 7-8.  The company is a closely held corporation with approximately ten employees, which is run from Doshi's home.  *See id.* ¶ 7.  Mighty's Statement of Information filed with the California Secretary of State lists "Doshi as the sole officer of the company, simultaneously holding the key positions of 'Chief Executive Officer,' 'Chief Financial Officer' and 'Secretary.'"  *Id*. ¶ 82.  Doshi "has personally participated in all major business strategy, branding, and marketing decisions and actions" of Mighty.  *Id*.

In September 2022, Mighty launched a website at <playgroundai.com> with the title "Playground AI," and shortly thereafter Mighty deployed an application with text-to-image and image search features on its website.  *See* FAC ¶ 9.  In November 2022, Mighty filed an intent to

---

[1] The facts alleged in the FAC are accepted as true for purposes of evaluating Doshi's Rule 12(b)(6) motion.  *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

United States District Court
Northern District of California

use application with the United States Patent and Trademark Office for "Playground AI." *Id*. ¶ 9. "At the time, Mighty knew or should have known that 'Playground AI' and similar variants were already in use by another company offering substantially similar goods or services, specifically, applications that apply machine learning to image, video, and other data." *Id*. ¶ 10. Mighty nonetheless registered for the Twitter/X handle of "@playground_ai," and "funded an aggressive marketing and litigation campaign against Playground AI in the hopes of overwhelming and bullying the company out of its rights and domain name." *Id*. ¶¶ 11-15. In September 2023, Mighty filed an complaint with the World Intellectual Property Organization ("WIPO") pursuant to its Uniform Domain Name Dispute Resolution Policy ("UDRP"), alleging that Mighty has common law rights in the domain name <playground.ai> and that Playground AI has no rights in the domain name. *See id*. ¶ 13. Mighty dismissed the UDRP complaint without prejudice on October 11, 2023. *See id*. ¶ 16.

Playground AI filed the present action on October 11, 2023. *See* Compl., ECF 1. The following day, Mighty began changing some of its branding from "Playground AI" to "Playground." FAC ¶ 18. However, Mighty continues to use "Playground AI," "playgroundai," and similar variations on Mighty's website. *Id*. ¶¶ 19-24. Playground AI alleges that "Mighty built its business and brand by infringing on the Playground AI Marks. It attracted customers, attention, and, upon information and belief, new funding, by leveraging the good will, publicity, and consumer recognition already associated with the Playground AI Marks in the AI software space." *Id*. ¶ 23. Playground AI filed the operative FAC on November 14, 2023, asserting claims against Mighty and Doshi for: (1) False Association and Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a); and (2) Cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

Mighty answered the FAC, and filed counterclaims against Playground AI and its founder, Latona. Doshi filed the present motion to dismiss, arguing that the FAC does not state a claim against him because it does not allege facts showing his personal involvement in the claimed trademark infringement and cybersquatting.

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When evaluating a Rule 12(b)(6) motion, the district court is limited to the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice.  *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  The Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

## III.   DISCUSSION

Doshi contends that the FAC does not allege facts sufficient to give rise to personal liability against him for Mighty's alleged trademark infringement and cybersquatting.  In opposition, Playground AI argues that the claims against Doshi are adequately alleged because the FAC makes clear that Doshi controls Mighty and is involved in all significant corporate decisions. In the event the Court does not find the allegations of the FAC to be adequate, Playground AI requests leave to amend and proffers additional facts that could be alleged with respect to Doshi.

"[A] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (internal quotation marks and citation omitted).  The Ninth Circuit has expressly applied this principle to trademark infringement actions.  *See id.* at 823-24.  "Cases finding personal liability on the part of corporate officers have typically involved instances where

4

the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016) (internal quotation marks and citation omitted). "At the motion to dismiss stage, courts have found a plausible basis for personal liability when the plaintiffs have alleged that the officer exercises sufficient control over the corporation with respect to the challenged activity." *DISH Network L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB, 2020 WL 5816579, at *4 (N.D. Cal. Sept. 30, 2020).

Here, the FAC alleges that "Doshi is the founder and central figure of Mighty Computing, Inc., and has personally participated in all major business strategy, branding, and marketing decisions and actions." FAC ¶ 82. Those allegations are supported by the following facts: Doshi founded Mighty; Mighty is a closely held corporation with approximately ten employees; the corporation is operated from Doshi's home; and the corporation's Statement of Information filed with the California Secretary of State lists Doshi as the sole officer of the company, holding the positions of CEO, CFO, and Secretary. *Id.* The FAC contains screen shots of Doshi's social media posts announcing transition of Mighty's branding from "Playground AI" to "Playground" and opining that the company's use of "Playground" was "Trademark clear." *Id.* ¶¶ 118-121. Finally, the FAC alleges that after the present lawsuit was filed, Doshi direct messaged Playground AI's founder Latona to ask if he wanted to "find a more peaceful resolution." *Id.* ¶ 123. The Court finds that these allegations give rise to a plausible basis for personal liability against Doshi based on his exercise of control over Mighty with respect to the alleged trademark infringement and cybersquatting.

Doshi argues that the FAC's allegations are too general to give rise to personal liability against him, relying on *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 497 F. Supp. 3d 552 (N.D. Cal. 2020). In *JUUL*, the district court found allegations regarding certain corporate officers' direct involvement in youth-targeted marketing to be sufficient to give rise to personal liability under California's Unfair Competition Law, but found more general allegations that certain directors had "final say" in marketing materials to be insufficient for personal liability. *See id.* at 635-36. Doshi argues that the FAC's allegations against him are similar to those found

inadequate in *JUUL*.  Doshi's reliance on JUUL is misplaced.  He is not merely a board member alleged to have final say in marketing decisions, but rather an individual alleged to have founded Mighty, to hold *every* significant corporate office, to run the corporation out of his home, and to be someone who personally announces corporate rebranding and initiates negotiations regarding trademark litigation.  The Court finds these allegations sufficient to assert personal liability against Doshi for pleading purposes.

The Court observes that even if it were to grant Doshi's motion to dismiss, it would grant leave to amend based on Playground's representation that it could add additional allegations regarding Doshi's status as a central figure in the alleged trademark infringement.  Playground submits the declaration of its counsel, Brett E. Lewis, containing screen shots of several of Doshi's social media posts.  *See* Lewis Decl., ECF 31-1.  In one, Doshi teased a big corporate announcement and, when asked whether the board was involved, replied "i am the board and i am definitely involved."  *Id.* ¶ 4.  The following day, he posted a thread introducing "Playground v2."  *Id.* ¶ 5.  The addition of allegations regarding Doshi's personal involvement in the alleged trademark infringement based on these social media posts would bolster Playground AI's claims of personal liability.  However, the Court concludes that it need not require amendment of Playground AI's pleading to add such allegations (and thus potentially invite another round of motion practice), because the FAC is adequate as pled.

Doshi's motion to dismiss the FAC is DENIED.

## IV.   ORDER

(1)   Defendant Doshi's motion to dismiss the FAC is DENIED; and

(2)   This order terminates ECF 20.

Dated:  March 14, 2024

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California